ALEXANDER AND RENSHAW, Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, December 2, 1889.

Practice, Trial: DEMURRER TO EVIDENCE. Where a fire started inside defendant's right of way and burned along its fence into and destroyed plaintiff's pasture, and there is no evidence showing how the fire originated, or that any engine or train of the defendant had passed on the day of the fire, there is such lack of evidence as warranted the withdrawal of the case from the jury, and a demurrer to the evidence should have been sustained.

*Appeal from the Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Wm. S. Shirk,* for the appellant.

(1) The demurrer to the evidence should have been given. There was no· evidence sufficient to support a verdict, that the fire, which burned plaintiffs' pasture, was started, or set out, by defendant's engine. The most the evidence would justify the jury in doing, would be to guess, or presume, that the railway company's engine may have set the fire out. All the evidence on this point showed was, that the fire originated near the right of way—but it even failed to show that an engine passed that point at any time recently before the fire started. Nor did the evidence show that any engine of defendant, which passed the point at which the fire originated, emitted sparks or fire. There is a total lack of evidence on this point, except that there was a fire, and that it started on or near defendant's right of way. This was not sufficient. "It seems clear that the plaintiff must show first, not only that the fire might have

originated, but that it did actually originate from sparks or cinders emitted by defendant's engines." (Note to *Railroad v. Shultz*, 2 Am. and Eng. Ry. Cases, page 275, and authorities cited.) This need not be proved by direct and positive evidence, but the circumstances, relied upon in evidence, must be such, as raise a presumption, amounting to proof, that the fire originated from sparks or fire emitted from one of defendant's engines. Here no such surrounding circumstances were shown. *Kenny v. Railroad*, 70 Mo. 243 on 247–8 and 249; *Sheldon v. Railroad*, 29 Barb. 228; *Redmond v. Railroad*, 76 Mo. 550 on 551 and 552; *Brown v. Railroad*, 13 Mo. App. 462; *Railroad v. Dook*, 52 Pa. St. 379; *Ruffner v. Railroad*, 34 Ohio St. 96; *Bochwell v. Railroad*, 6 Am. and Eng. Ry. Cases, 570.

*Moore & Williams*, for the respondents.

(1) There was sufficient evidence, to go to the jury, to show that the fire was caused by an engine of the defendant. The fire was traced to the right of way and occurred at a time of day when trains were frequently passing. The smoke was seen by the witnesses, and all the surrounding circumstances show how the fire occurred and communicated to the plaintiffs' pasture. *Sappington v. Railroad*, 14 Mo. App. 86; *Martney v. Railroad*, 30 Mo. App. 507; *Redmond v. Railroad*, 76 Mo. 550. (2) There is no element of negligence involved in the burning of the pasture of respondents by fire of appellant's engine. The burning makes the company responsible. Laws of Missouri, 1887, p. 101. Under this act the instructions of respondents placed the question of the cause of the fire and of damages properly before the jury. The damages were not excessive under the evidence; the respondents not only lost the grass burned, but almost the entire use of the pasture not burned, by reason of the burning of the fences, enclosing the same. This was the natural result of the fire and fixes the responsibility. *Miller v. Railroad*, 90 Mo. 389–393–4.

SMITH, P. J.—Plaintiffs brought suit against defendant to recover damages for the burning of ninety acres of grass and recovered judgment, from which defendant has appealed. At the conclusion of the plaintiffs' evidence the defendant interposed a demurrer thereto on the ground that the same was insufficient to authorize a verdict for the plaintiffs, which was by the court overruled. The defendant declining to introduce any evidence, the jury under an instruction given by the court found for the plaintiffs.

I. The principal question for our decision is whether the evidence of the plaintiffs was sufficient to make out a *prima facie* case, entitling them to a recovery, or rather was there a total lack of evidence showing that the fire which consumed the plaintiffs' pasturage was started by defendant's locomotive engine and train of cars. The evidence adduced tended to show that the fire in question started just inside or near the defendant's right of way and burned along the railroad fence, and from there spread out into the plaintiffs' pasture consuming some seventy-five or eighty acres of it; that the fire proceeded from the southwest and that the grass on defendant's right of way had been mowed but was still tall enough to burn.

The testimony was that the pasture was worth from two hundred and fifty to three hundred dollars. There was some other evidence of about the same purport as the foregoing. This evidence is by no means satisfactory. But can we say that there was no evidence before the jury that the fire which destroyed the plaintiffs' pasture was not started by the defendant's locomotive and train of cars by the emitting of sparks or the dropping of live coals or cinders on the right of way? From the facts and circumstances detailed in evidence cannot the fact be inferred that the fire was caused by defendant's locomotive or train of cars while passing over its

road at the point where the plaintiffs' pasture was situated? So far as the evidence contained in the record goes there is nothing showing or tending to show that a single locomotive or train of cars passed over the defendant's road on the day of the fire or within a week before its occurrence.

For aught that appears in the record the trains over defendant's road may have on that day ceased to run on account of the destruction of a bridge or for some other cause. Are we as a matter of law to presume that trains passed over defendant's road on the day of the injury complained of, when the witnesses testify that they saw no trains pass that day before the fire?

It may be, and doubtless is, true that trains did pass over that part of defendant's road on that day previous to the occurrence of the fire but there is no evidence of the fact or evidence from which the inference is deducible that such was the case.

If it appeared that a train of cars had shortly before the fire passed over the defendant's road at the point where the witnesses state the fire started, we should feel better satisfied with the verdict. We think there was such total lack of evidence as warranted the withdrawal of the case from the jury.

It follows that the judgment of the circuit court must be reversed and the cause remanded. All concur.