HARTFORD FIRE INSURANCE COMPANY, Appellant, v. WABASH RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, March 7, 1898.

1. **Liability of Railroad for Fires.** Under the statutes of Missouri, a railroad company is absolutely liable for destruction of property by fire which it communicated by its engines.

2. **Who May Sue.** If property so destroyed is insured, the insurance company, if the insurance exceeds the loss, may recover in its own name against the railroad company.

3. **Release to Railroad, When Fraudulent.** If the railroad company settles with the insured and obtains its release, after notice of payment by the insurance company, it is a fraud upon the insurance company, and does not relieve the railroad company in an action by the insurance company.

4. **Subrogation:** INSURANCE: FIRE BY RAILROAD: DOUBLE COMPENSATION. Where an insurer has indemnified the owner of the property for loss sustained by a fire through the negligence of a railroad company, he is entitled to all the means of indemnity which the satisfied owner held against the negligent railroad company, and any wrong arising from double compensation to the owner must be righted between the injured party and the insurer.

5. ———: ———: ———: RELEASE. Where the owner accepts payment from the insurer, the railroad company causing the loss, can not, with notice of such settlement, obtain an effective release from the owner.

6. ———: ———: ———: PARTIES: SPLITTING OF DEMANDS. Though the wrongful act of destroying the property is single and indivisible and gives rise to but one liability, yet the insurer who has indemnified the owner in part may bring an action in his own name against the railroad company where the latter by paying the remainder of the loss has obtained a release from the owner and such action is not a splitting of demands.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

REVERSED AND REMANDED (*with directions*).

FYKE, YATES & FYKE for appellant.

(1) The insurance company, upon payment of the amount due from it to Burruss, at once became subrogated to all the rights of Burruss, against the railroad company to the extent of such payment. Steamship Co. v. Ins. Co., 129 U. S. 397–464; Hall v. R. R., 13 Wall. 367; Steamboat Potomac v. Cannon, 15 Otto, 630; R'y v. Rogers, 76 Va. 443; 11 Ins. L. J., 899; Hart v. R. R., 13 Met. 99. (2) By accepting payment of the insurer the insured implicitly assigned his right of indemnity from the railroad company. It

is in the nature of an equitable assignment, which authorizes the assignee to sue in the name of the assignor for his own benefit; and this is a right which a court of law will support, and will restrain and prohibit the assignor from defeating it by a release. The formal discharge, therefore, given by Burruss to the railroad company, is not a bar to this action. Hart v. R. R., 13 Met. 99; Swarthout v. R. R., 49 Wis. 625; Ins. Co. v. Hutchinson, 21 N. J. Eq. 107; Ins. Co. v. R'y, 73 N. Y. 399; R'y v. Rogers, 76 Va. 443; R'y v. Fire Ass'n, 30 S. W. Rep. 350. (3) The insurance company had the right to join Burruss with it as plaintiff, because his loss exceeded the insurance, and both the insurance company and Burruss had an interest in the cause of action. Of course, after the railroad company settled with Burruss he no longer had an interest and was therefore no longer a necessary party to the suit; but the insurance company, then being the only real party in interest, could prosecute the suit. When the insurance company first learned that Burruss had been paid by the railroad company, when the answer was filed, it was proper to dismiss so far as Burruss was concerned. Pratt v. Radford, 8 N. W. Rep. 606. (4) The settlement between Burruss and the defendant, after the defendant was fully notified of plaintiff's claim, if they intended to include therein the amount paid by plaintiff, was a fraud upon plaintiff, and no court, we think, will sanction it. Ins. Co. v. Hutchinson, 21 N. J. Eq. 107–117.

Geo. S. Grover and McDougal & Sebree for respondent.

(1) The defendant was bound to pay Burruss the amount of the damages. The fact that Burruss had

insured the property and had collected the insurance money, was no defense to the railroad company against Burruss' claim. Mathews v. R'y, 121 Mo. 298; Mathews v. R'y (Supreme Court of Missouri not yet reported); Dillon v. Hunt, 105 Mo. 154. (2) The doctrine of subrogation in favor of insurance companies contended for by appellant, does not exist in Missouri in cases where railroad companies are compelled by statute to pay losses resulting from escaping sparks from locomotives, whether there was negligence in allowing the sparks to escape or not. (3) Under the rulings of the Missouri courts, either the insurance companies are not entitled to be repaid at all, or if they are so entitled, such repayment must be by the property owner, who has collected the money from the railroad company. (4) Where the value of the property destroyed exceeds the amount of the insurance the action must be brought in the name of the assured. There being but one act complained of as wrongful, the claim growing out of it is not divisible. There can be but one action. Ins. Soc. v. Standard Oil Co., 59 Fed. Rep. 984; Ins. Co. v. R. R., 3 Dill. 1; Ins. Co. v. Bosher, 39 Me. 253; Ins. Co. v. Frost, 37 Ill. 333; 4 Joyce on Insurance, sec. 3559 and note, sec. 3537; Ridge v. Ins. Co., 64 Mo. App. 108; Leonard v. R'y, 68 Mo. App. 48; Pettit v. Ins. Co., 69 Mo. App. 317. (5) The alleged assignment in this case is at most, and is claimed in the petition to be, for only a part of the claim which Burruss held against defendant. A part of a claim can not be assigned, either in law or equity, without the consent of the debtor. Burnett v. Crandall, 63 Mo. 410; Maudeville v. Welch, 5 Wheat. 277; Love v. Fairfield, 13 Mo. 300; Alexander v. R'y, 54 Mo. App. 66; R'y v. Wright, 38 Mo. App. 141; Beardslee v. Morgner, 73 Mo. 22; Rice v. Dudley, 34 Mo. App. 383; Loomis v. Robinson, 76 Mo. 488;

Bank v. Moonan, 88 Mo. 372; McLeod v. Snyder, 110 Mo. 298, 301. (6) As this alleged assignment was void, the defendant had the right to make the settlement with Burruss, and thereby become wholly released from all claims. Burnett v. Crandall, 63 Mo. 410, 416; Kendall v. United States, 7 Wall. 113.

ELLISON, J.—Plaintiff brought this action against defendant for money it had paid to John Burruss on a policy of fire insurance, insuring him against loss of damage by fire to his grain, seeds, sacks, etc., contained in his two-story frame warehouse, situate near defendant's depot, at Miami station, in the sum of $1,000. While the policy was in force the insured property, together with the building which was not insured, was destroyed and damaged by fire to the amount of $763.50. Under the terms of the policy, plaintiff was liable for three fourths of the loss or damage. The insurance company paid to Burruss the amount for which it was liable, to wit, $572.63. The fire which caused the loss was communicated to the property by a locomotive engine, being then operated by defendant upon its railroad.

STATEMENT.

The policy of insurance contains the following provision: "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment, to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."

After plaintiff had paid Burruss, and after defendant had been notified of that fact, and that plaintiff looked to it for reimbursement, the defendant made a

settlement with Burruss and paid him $700, and took from him a release, which it pleaded in bar of the action. Plaintiff had no knowledge of such settlement until after the suit was brought. When this action was brought Burruss was joined as a plaintiff, on the alleged ground that the amount paid by the insurance company did not cover his whole loss, but after the settlement with Burruss by the defendant, the defendant produced in court an order from Burruss directing that the suit be dismissed as far as it related to him, which was done.

The trial court gave judgment for defendant.

The liability of defendant to Burruss was based on section 2615, Revised Statutes 1889, which reads as follows. "Each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it, and may procure insurance thereon in its own behalf for its protection against such damages. (Laws 1887, p. 101, sec. 1.)" The liability of plaintiff to Burruss was based on the policy of insurance. Each party has discharged that liability by full settlement with Burruss. The question presented here is, can the plaintiff insurance company be subrogated to the original right of Burruss against the defendant railroad company, the latter having paid Burruss with knowledge of plaintiff's claim?

There is no doubt, that while both the insurance company and the railroad company were liable for the loss, the railroad company was primarily liable. For,

having *caused* the loss, it is clear that such company should make compensation. The insurance company had no connection in any manner with any act which caused the loss. Such company's only connection with the loss is its contract to recompense Burruss whenever the loss should occur. If therefore the insurance company has been compelled to pay Burruss for a loss occasioned by the railroad company, it should, in justice and equity, succeed to whatever liability existed in Burruss' favor against the railroad for such act. While there is no privity of contract between the railroad company and the insurance company, yet it has been held on the highest and most satisfactory authority that the insurer is *practically* the surety for the railroad company, the principal. And whenever the insurer has "indemnified the owner for the loss, he is entitled to all the means of indemnity which the satisfied owner held against the party primarily liable. His right rests upon familiar principles of equity. It is the doctrine of subrogation, dependent, not at all upon privity of contract, but worked out through the right of the creditor or owner." Hall v. R. R., 13 Wall. 367; L. & G. W. Co. v. Ins. Co., 129 U. S. 397, 462; The Potomac, 105 U. S. 630; R'y v. Rogers, 76 Va. 443; Hart v. R'y, 13 Met. 99.

The owner of the property destroyed has the right, at his option, to go upon either party liable to him. He may first assert and maintain the railway company's liability by reason of the law; or he may assert the insurance company's liability by reason of the contract of insurance. He should not, by any principle of justice or rule of law or equity, be twice compensated for his loss. So if he recovers compensation from the railway company, it is a discharge, *pro tanto*, of the insurance company, since, as we have seen the insurance

*Marginal note:* SUBROGATION: insurance: fire by railroad: double compensation.

company is entitled to be relieved to the extent of the payment made by the party primarily liable. In other words, the principle applicable to this class of cases makes it permissible to state (though it is not pretended to be technically correct) that the owner of the property is the creditor, the railway company is the principal debtor and the insurance company is the surety. So that any payment made to the creditor by the debtor inures to the benefit of the surety. It will be found that the authorities cited herein justify this statement.

But, on the other hand, if the owner first receives compensation from the insurance company the railway company can not take any benefit therefrom, for the simple reason that the latter company is the *wrong doer* and can not be allowed to escape liability by reason of some other having rendered compensation. This latter proposition is directly decided by the supreme court of Missouri in a well considered opinion on the liability of railway companies under section 2615 aforesaid. Mathews v. R'y, 121 Mo. 298, 336. See, also, Dillon v. Hunt, 105 Mo. 154. Whatever of wrong there may be in the injured party receiving double compensation is a matter to be made right between the injured party and the insurance company. That the injured party would hold the sum recovered of the railway company, or a proper part of it, in trust for the insurance company which had already compensated him, would seem to be the logical sequence of what has been stated. The proposition has been affirmed in several instances. R'y v. Rogers, 76 Va. 443; Ins. Co. v. Hutchinson, 21 N. J. Eq. 399.

But defendant claims that it settled the injury done with Burruss the owner and took from him a re-

lease which is pleaded in bar of plaintiff's action. In connection with this claim defendant urges —:—:—: that under the ruling in Mathews v. R'y, release. 121 Mo. 336, it could have been compelled to pay Burruss, and that therefore it had the right to pay him without being forced and that it should now be protected in such payment. The ruling in the Matthews case is consistent with other authority on the subject. It does not support defendant's claim. In that case the railway company sought to have the amount paid by the insurance company applied *pro tanto* in discharge of its liability. This, as before stated, could not be allowed. In this case, as has been stated, before the railway company settled with Burruss, the insurance company paid him and notified the railway company that it had done so and that it was expecting. to collect the amount from the railway company. When Burruss accepted payment from the insurance company there was an equitable assignment to such company of Burruss' claim against the railway company. Authorities *supra*. And the railway company having notice thereof could not take an effective release from Burruss. Its attempt to do so was a fraud upon the rights of the insurance company. Ins. Co. v. Hutchinson, 21 N. J. Eq. 107, and authorities cited. Ins. Co. v. R'y, 73 N. Y. 399.

Burruss was joined with the insurance company as a party plaintiff. On the presentation of Burruss' release to the railway company his name was dismissed or stricken from the record as a party —:—:—: parties: splitting plaintiff. Defendant contends that since of demands. the case shows the value of the property insured and burned exceeded the amount of the insurance, that the suit should have been brought in the name of Burruss. The law seems to be well settled that if the insurance company has paid to the assured

the full value of the property destroyed the action may be brought against the wrong-doer in the name of such company. But it has been held, as contended by defendant, even in states providing that the action must be brought in name of real party in interest, that if the insurance placed on the property is less than its value, the suit must be in the name of the owner. Ins. Co. v. Oil Co., 59 Fed. Rep. 986; Ins. Co. v. R'y, 3 Dill. 1, and cases cited. In the latter case it was said: "The property destroyed exceeded in value the amount insured, and the rule of law has been long settled that the insurance company, on the payment of the loss, can not sue the wrong-doer who occasioned it in its own name. The suit, though for the use of the insurer, must be in the name of the person whose property was destroyed. The wrongful act was single and indivisible, and gives rise to but one liability. If one insurer may sue, then, if there are a dozen, each may sue, and if the aggregate amount of all the policies falls short of the actual loss, the owner could sue for the balance."

We are, however, of the opinion, after full reflection on the point made, that it can not apply to this case from the fact that here Burruss, the owner, released all his interest in the loss by his settlement with the defendant railroad company. Thus leaving no one interested in the present action, or the proceeds of the action, or with any control over it, save the present plaintiff. In Garrison v. Ins. Co., 19 How. 317, and Randell v. Cochran, 1 Ves. Sen. 98, it was expressly held that where there had been a discharge to the wrong-doer by the owner, the insurer could maintain the action in his own name. It is true those cases were in equity, but under our code where the action should be brought in the name of the real party in interest, there can be no objection to the action

being brought at law in the name of the insured, he being the only real party in interest. This is conceded by the supreme court of the United States in R'y v. Ins. Co., 139 U. S. 235. In Ins. Co. v. R'y, 73 N. Y. 399, the case was at law and, as here, there had been a release of the owner's claim against the wrong-doer, the court held the action properly brought in the name of the insurer.

The defendant makes the further suggestion that since the property destroyed was of more value than the insurance taken out, the claim of this plaintiff must be a divided claim—is not for the full sum of defendant's liability—and therefore to allow plaintiff to recover would be sanctioning the splitting of causes of action. The position is not well taken. The owner has made (so far as he is concerned) an effective release to the defendant. There exists now but one undivided demand against the defendant.

The further point made by defendant that if the demand for the destruction of the property belonged jointly to plaintiff and Burruss the release by Burruss released the whole claim, has been disposed of by what has been already said.

In our opinion the plaintiff should have prevailed in the trial court. The judgment will therefore be reversed and the cause remanded to the end that judgment may be entered for plaintiff. . All concur.