AETNA INSURANCE COMPANY et al., Appellants, v. MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, February 4, 1907.

1. **TRIAL PRACTICE: Misconduct of Counsel: Perversion of Evidence.** A willful perversion of evidence materially affecting the merits of the case when persisted in by counsel, may vitiate a verdict though an attorney has a right to state the evidence as he understands it and also his own conclusions therefrom.

123 App—33

2. ———: ———: ———: Instruction. An instruction that al-although counsel may state their recollection of what the oral testimony was, yet the memory of the jury was the sole test as to what such evidence was, is approved, and on the evidence in the case the attorney is held not to have misstated the evidence.

3. RAILROADS: Setting Out Fire: Evidence: Other Engines. *Held,* the admission of evidence of other engines throwing fire, was harmless and that at least it tended to prove the use of defective engines.

4. ———: ———: Elevator: Spontaneous Combustion: Evidence. Where all the evidence tended to show that a fire originated from an outside agency, testimony that spontaneous combustion was more likely to occur in elevators than in other buildings was properly excluded.

5. ———: ———: Instructions. An instruction should not be argumentative and it is not error to refuse an instruction included in other instructions.

6. ———: ———: ———: Abstract: Proposition of Law: Appellate Practice. The refusal of an instruction relating to circumstantial evidence which might without error have been given or refused, will not vitiate a judgment.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fyke & Snider* and *Reed, Yates, Mastin & Howell* for appellants.

(1) This being an appeal from the order of the trial court granting a new trial of this cause for the sole reason specified in the record that the court erred in permitting attorneys for plaintiffs in their argument to make statements not warranted by and in conflict with the evidence of the case, no other ground in support of the court's action can be considered on this appeal. Folding Bed Co. v. Railroad, 148 Mo. 486. (2) The court committed error in granting a new trial of this cause for the reason assigned, unless it can be said, first, that the argument of counsel, excepted to, was clearly

in conflict with the evidence in the case, and further that such argument was prejudicial to the rights of the defendant company. We deem no citation of authority necessary in support of these obvious propositions.

*Elijah Robinson* and *Harris Robinson* for respondent.

(1) However, even if it should be held that the trial court committed error in sustaining the motion upon the ground assigned, still if it appear to this court that the motion should have been sustained upon any of the other grounds set forth in the motion, the judgment of the trial court will be affirmed. Lovell v. Davis, 52 Mo. App. 324; Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Milling Co. v. Transit Co., 122 Mo. 269. (2) The question as to whether a new trial should have been granted in this case on the seventh ground set forth in the motion, was one resting largely in the discretion of the trial court, and his ruling on that point will not be reversed unless it clearly appear to this court that such discretion was abused. Ins. Co. v. Goodrich, 74 Mo. App. 355; Bemis Bag Co. v. Com. Co., 74 Mo. App. 672; Suddarth v. Lime Co., 79 Mo. App. 585; Farrel v. Transit Co., 103 Mo. App. 454; Coleman v. Cole, 96 Mo. App. 72; Choquette v. Railroad, 152 Mo. App. 257. (3) The court committed error in permitting plaintiffs' witnesses to testify that on other occasions, without any limitation as to time, condition of engine, kind of train or other circumstances, engines had emitted sparks. The motion for new trial should have been sustained for that reason. (4) The court also committed error in excluding the testimony of Mr. Jones, to the effect that spontaneous combustion was more liable to occur in elevators than in other buildings. (5) The court committed error in refusing instruction E asked by defendant. (6) The court also committed error in refusing instruction F asked by defendant.

ELLISON, J.—Strohm & Jones owned grain in an elevator near by the railway tracks of defendant at Palmer, Kansas. They had insurance on the grain in the plaintiff companies. The elevator and grain were destroyed by fire and the plaintiffs in consequence were compelled to pay to them twenty-five hundred dollars. Plaintiffs claimed that the fire was occasioned by escaping sparks from one of defendant's engines, negligently constructed, and that they, by paying Strohm & Jones, became subrogated to their right of action against defendant. [Insurance Company v. Railway, 74 Mo. App. 106; Insurance Company v. Railway, 149 Mo. 165.] Defendant denied that it set the fire and hence the present suit by the insurance companies. There was a trial and verdict for the plaintiffs in the lower court, but, on the motion of defendant, a new trial was granted and from that order plaintiffs prosecuted this appeal.

The new trial was granted on the ground, as stated by the court, that one of the counsel for the plaintiffs misstated the evidence in his argument to the jury. It may be conceded that a willful perversion by counsel of evidence materially affecting the merits of the case, without being followed by some curative action by the court, could be carried to such extreme as to justify the court in setting aside a verdict. But it ought to be apparent that an attorney has a right to state the evidence in his argument as he understands it, and so he should be permitted to draw his own conclusions therefrom and state them to the jury. It would be a safe assertion to say that there are few contested cases where the attorney for one party or the other (often both) has not made statements of the evidence which the actual fact would not substantiate. The jury hear the evidence as well as the argument of the counsel and a misstatement by the latter is not, ordinarily, to be presumed to have escaped their attention. But in this case there was no misstatement. The trial court had nothing upon which to base a

conclusion that there was; and consequently was without any right to interfere with the verdict upon that ground.

There was evidence tending to prove the weather to have been exceedingly dry. That the elevator had a shingle roof. That there was a smaller structure, called a cupola, by some witnesses, which arose from and extended up higher than the main structure. The evidence further tended to prove that the elevator was at a station and near by the defendant's track and was about at the place where the engine would be when the train was at the station. That the time for the train going east to arrive at this station was near half after eleven o'clock at night. That, on the night in question, the fire was discovered in the roof of the elevator shortly after the train had left the station. The evidence further tended to show that there were two engines in use for this night train, Nos. 169 and 184, and that one ran east one night and west the next, thus each in turn, running east every alternate night, and on the night in question No. 169, was pulling the train east. It therefore became plaintiffs' contention that the fire was set by escaping sparks from engine No. 169. It was Mr. Yates' statement of the evidence on this head in his argument for the plaintiff, that the trial court found ground for setting aside the verdict. His statement was as follows:

"Now, when these facts are supplemented by fair testimony of witnesses that on former occasions this identical engine, not some other engine or some freight engine, or some supposititious engine, as Judge Robinson would have you believe, but this very engine, has thrown fire on the bench of this very elevator, we are warranted in our conclusion.

"Judge Robinson: I object to that; there is no such testimony.

"The Court: The court has read to the jury its instruction upon that point.

"Mr. Yates: But I say, gentlemen, I will risk the verdict in this case upon this proposition: that Mr. Snell testified in your hearing that this engine running the train due there at 11:21, going east, had been seen by him on former occasions to throw fire on the bench of this elevator, and that is the evidence, Judge Robinson, and you have just as distorted a view upon that point as on other points in the case."

Turning to the record, we find that a witness named Snell who lived nearby, and who discovered the fire, testified as follows:

"Q. Mr. Snell, had you observed trains going through Palmer with reference to whether or not the *engines* threw sparks? A. I have.

"Q. What have you seen in that regard? A. I have seen *them* throw sparks.

"Judge Robinson: I object to that for the reason it does not fix any time or any condition, any kind of train or any kind of engine.

"Objection overruled: to which ruling of the court the defendant then and there duly excepted.

"Q. Go ahead and state further. A. I have seen *them* throw sparks upon the roof of the elevator; I have seen the fire from the engine, the sparks, go up on the roof of the elevator.

"Q. How often have you seen that? A. A number of times; I can't tell how many.

"Q. From what train did you notice that? A. From that night passenger.

"Q. The train going east? A. Yes, sir.

"Q. How recently had you noticed that before this fire? A. *A number of times.* I couldn't say how often, *but a number of times.*

"Q. You say you have seen the sparks from the engine light on the roof of the elevator? A. I have, yes, sir."

As already stated, there were but two engines (one

being No. 169) and the witness used the plural in speaking of sparks being thrown. It thus appears that Mr. Yates' statement in argument was not only justified, but was literally verified by the record. The witness was not cross-examined by Judge Robinson on that portion of his testimony. He was not asked whether he meant that he had seen the sparks thrown, but could not say whether it was from one or the other, or both engines. So that his testimony was left as a statement that both engines threw sparks.

But, even if the witness had used the singular number and stated, that he had seen *an* engine, or *the* engine, pulling the night train, throwing sparks a number of times, it would have been evidence to submit to the jury as tending to prove that this particular engine threw sparks. For, as there were but two engines, is it not probable that one or more of the number of times the witness saw sparks thrown was from engine No. 169? Such evidence would have tended to prove that it was, and' it would have upheld the verdict of the jury to that effect. It is therefore clear, viewing the testimony from the latter standpoint, that it was legitimate and perfectly proper for counsel to claim in argument that the evidence showed it was engine No. 169, which threw the sparks and set fire to the elevator.

But, even if the evidence had not justified counsel in his statement, the trial court was yet without proper warrant in setting aside the verdict. For it appears that preceding the occurrence in argument which we have been considering, there was another controversy between counsel as to what the evidence was when the court wrote and read to the jury the following instruction: "The jury are instructed that although counsel in the arguments to the jury may state their recollection of what the oral testimony was, yet the memory of the jury is the sole test as to what such evidence was." And when the controversy here considered, arose, by Judge

Robinson disputing Mr. Yates' statement, the court spoke up and said, "The court has read to the jury its instruction upon that point." Thus the jury was again reminded that they must depend on their own recollection of the evidence, regardless of the assertion of the attorneys, and they could not have been misled by unjustifiable assertions in argument.

It is however contended by defendant that if the court was in error in granting a new trial for the reason stated, yet that there were other reasons alleged in its motion which justifies the order. It is said that the court erred against defendant in admitting evidence that witnesses had seen defendant's other engines throwing sparks. We cannot see where any harm could result from this, considering defendant's right to cross-examination, and besides it had a tendency to prove that defendant used defective engines.

It is also claimed that the court erred against defendant when the testimony of witness Jones "that spontaneous combustion was more liable to occur in elevators than in other buildings," was excluded. There was nothing in the case to suggest that the conditions inside the building were such as might produce spontaneous combustion. The evidence all tended to show that the fire originated from some outside agency. Besides, the witness was not qualified to speak on that subject.

Other objections to evidence we consider as not of sufficiently substantial character to justify a new trial.

Two instructions offered by defendant were refused. There was no harm to defendant in such refusal. Instruction "E" is so framed as to be argumentative. Stripped of its objection in that respect, it amounts to a direction to the jury not to find for plaintiff if they were not satisfied as to how the fire occurred. The jury had already been directed as to what they must believe before they could find for the plaintiff and we see no possible harm in the refusal.

Instruction "F" contains a statement of abstract law as to circumstantial evidence. To have given it might not have been error. Neither was it error to refuse it. We feel that we could not justify ourselves in the declaration that its refusal was an error which in any way affected the merits of the action. In considering the instructions given and refused, as a whole, we believe no just ground of complaint lies with the defendant. Whether those refused for plaintiff should have been refused it is unnecessary to inquire.

After a full examination of the record, we are satisfied that an injustice has been done the plaintiff in setting aside a verdict rightfully obtained, and we will therefore reverse the order granting a new trial and remand the cause with directions to enter judgment for the plaintiff on the verdict as rendered. All concur.