TAPLEY, Respondent, v. ST. LOUIS & HANNIBAL
RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 4, 1908.

1. **RAILROADS: Fires: Circumstantial Evidence.** In an action
against a railroad company for damage caused by fire alleged to
have been set by a locomotive of defendant, the plaintiff may
establish his case by circumstantial evidence if he proves facts
sufficient to authorize an inference that the sparks from the
engine of the company caused the fire.

2. ————: ————: ————: **Prima-Facie Case.** In an action
for (?)mages caused by the burning of plaintiff's barn alleged to
have been set by fire communicated to it from the burning depot
of the defendant railroad company, which depot was alleged to
have been set on fire by sparks from the defendant's engine, the
evidence showed that the fire occurred in a dry time, that the
depot was old, dry and easily set on fire, that there was a crack
two or three inches wide at the top of a bay window of the
depot near which the engine passed, about which crack the wood
was dry and doty, that the fire when discovered was burning on
the outside of the building, that a train passed a few minutes
before the fire, that other engines of the defendant's railroad
had been known to throw sparks in that direction and further
than the place where the fire was caught, this was sufficient to
make out a prima-facie case for the jury, although there was
some evidence tending to prove the fire was of another origin.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,*
Judge.

AFFIRMED.

*Geo. A. Mahan* and *J. D. Hostetter* for appellant.

There was not sufficient evidence to establish the
fact that fire from defendant's engine ignited the depot
from which the plaintiff's barn caught fire, and the
court should have sustained the instruction offered by
defendant at the close of all the testimony in the nature
of a demurrer to the evidence.    Gibbs v. Railroad, 104
Mo. App. 276; Wright v. Railroad, 107 Mo. App. 209;

Peffer v. Railroad, 98 Mo. App. 291; Peck v. Railroad, 31 Mo. App. 123; Moor v. Railroad, 28 Mo. App. 622.

John S. Fitzgerrell and I. C. Dempsey for respondent.

There was sufficient evidence to sustain the finding that fire from appellant's engine ignited its depot and that respondent's property was destroyed in consequence. Torpey v. Railroad, 64 Mo. App. 382; Voegeli v. Marble & Granite Co., 56 Mo. App. 678; Fields v. Railroad, 113 Mo. App. 642; Lead Co. v. Railroad, 123 Mo. App. 394; England & Co. v. Railroad, 114 Mo. App. 546; Mathews v. Railroad, 142 Mo. 645; Campbell v. Railroad, 121 Mo. 340.

BLAND, P. J.—On October 7, 1906, fire originated in defendant's depot at Bowling Green, Pike county, Missouri, and was communicated to Mrs. McMillan's barn and thence to plaintiff's barn, situated across the street north of the depot. The depot and both barns were entirely consumed by the fire. The action is to recover the value of plaintiff's barn, the destruction of which is alleged to have been caused by sparks emitted from one of defendant's engines. Defendant's railroad runs in a southeasterly direction, through the city of Bowling Green. The depot building was located ten or twelve feet north of and parallel with the main railroad track. The building was a two-story frame structure, from fifty to sixty feet long, built of pine lumber, with two doors fronting the railroad track. A one-story bay window, projecting outward, was built in between the two doors. The building had been neglected and had settled on the north side and the wall had parted from the bay window, leaving a crack two or three inches wide. The wood about this crack had decayed and was dry and spongy. A wooden platform ten or twelve feet wide was constructed between the

depot and the track.    Electric lights were burning on this platform on the night of the fire.    There are two theories in respect to the origin of the fire.    Plaintiff's theory is that it originated from sparks from an engine which passed the depot about thirty or forty minutes before the fire was discovered.    Defendant's theory is that the fire originated from the burning stub of a cigarette.    The undisputed evidence is that it was very dry at the time of the fire and the material of which the depot was constructed was old, dry and very combustible.    The fire was discovered about nine p. m., and, according to plaintiff's witnesses, was burning on the outside of the building, in the crack of the bay window, or about it, and started from two to five feet above the platform.    An engine hauling four or five freight cars and a caboose had pulled into the depot about 8:30 p. m., and stopped with the caboose opposite the depot for the purpose of discharging passengers.    The train stopped about ten minutes then proceeded on its way south.    As it passed a mill three or four blocks south of the depot the engine pulled up a slight grade and was seen to emit sparks, which were carried to the northeast, the wind blowing from the southwest at the time.    Plaintiff was not at home on the night of the fire.    He testified that on former occasions he had seen sparks emitted by defendant's passing engines fly north of his barn into his yard.    After the freight train pulled out the depot was locked and the agent went home and no one was about the depot at the time the fire started. To sustain its theory that the fire originated from a cigarette stub, defendant offered evidence tending to prove the grade was descending from the northwest beyond the depot; that the engineer shut off the steam as the engine came in and did not turn it on again until the engine pulled out, and with the steam shut off it was impossible for sparks to escape from the smokestack; that between the two windows and under the bay win-

dow there was a table on which telegraph instruments were kept.    Bonham Freeman, a boy sixteen years of age and a brother of the station agent, testified that he sat on this table, rolled a cigarette and smoked it just before the train came in, and that he threw the stub down but did not notice where he threw it; that he turned out the lights in the depot after the train pulled out, locked the door and passed around the bay window but saw no fire anywhere about the depot, and that there was no fire in the depot or about it that he knew of. The evidence shows there was a basket under the table containing waste paper and some evidence that the fire started on the inside of the depot.

Defendant offered an instruction in the nature of a demurrer to the evidence as a whole which the court refused to give.    On instructions given by the court, the jury found a verdict for plaintiff and assessed his damages at $800.    A motion for new trial proving of no avail defendant appealed.

1.    Defendant contends that the court erred in refusing its instruction in the nature of a demurrer to the evidence, for the reason there was no substantial evidence to establish the fact that the fire originated from sparks emitted from one of its engines.    The evidence in respect to the origin of the fire is somewhat meager and is all circumstantial.

In Gibbs v. Railroad, 104 Mo. App. l. c. 280, 78 S. W. 835, Goode, J., writing the opinion for the court, it is said:    "A plaintiff suing a railroad company for damages caused by a fire alleged to have been set by a locomotive, can establish his case by circumstantial evidence that the fire was thus set, and is not to be defeated for lack of positive testimony on the issue, if he proves facts sufficing to authorize an inference that coals or sparks from an engine of the company were the source of his loss.    [Otis v. Railroad, 112 Mo. 622, 20 S. W. 676; Kenney v. Railroad, 70 Mo. 243, 252; Red-

mond v. Railroad, 76 Mo. 550; Sappington v. Railroad, 14 Mo. App. 86; Alexander v. Railroad, 37 Mo. App. 609; Torpey v. Railroad, 64 Mo. App. 382.]" This doctrine is reasonable and just and is supported by the authorities cited in the opinion. If the circumstances proven have no tendency to show that the fire originated from sparks emitted by defendant's engine, then the origin of the fire is left to mere conjecture and defendant's demurrer to the evidence should have been given; on the other hand if the circumstances were such as to warrant a reasonable inference that sparks from the engine started the fire, the demurrer was properly overruled, and in determining this question full faith and credit should be given to all the evidence tending to prove plaintiff's case and every reasonable inference in his favor should be drawn from that evidence. Plaintiff's evidence shows the fire occurred at a very dry time; that the depot was constructed of pine lumber, which was old and dry; that there was a crack from two to three inches wide at the top of the bay window, near which the engine passed, caused by the settling of the north wall of the building, and that the wood about this crack was dry and doty; that the fire, when discovered, was burning on the outside of the building, not on the inside—and about this bay window, from two to five feet above the floor. If this be true then the fire could not have originated from the cigarette stub thrown down by Freeman while sitting on the table inside the building. According to the evidence there was no fire in or about the building, nor was there any one in or around the building after five minutes from the time the train pulled out. The evidence also shows that on other occasions other of defendant's engines threw sparks over and north of the depot. It is true it is not shown that this particular engine threw sparks on former occasions, but it was not shown that it was constructed differently from other of defendant's engines, in fact, the evidence

shows that it emitted sparks as it pulled the train from the depot; from these facts it is reasonable to infer that the engine emitted sparks as it passed the depot and that they lodged on or about the top of the bay window, probbably in the crack, and started the fire. The only evidence to militate against this inference is that of the engineer, who testified that when he pulled into the depot the steam was shut off and no sparks could have escaped. He must have forgotten that sparks are as prone to fly upward as man is to sin. We think this evidence as a whole tended to prove the possibility and consequent probability that the fire was communicated to the depot by defendant's engine, and that the demurrer to the evidence was properly overruled. [Matthews v. Railroad, 142 Mo. 645, 44 S. W. 802.]

· 2. The evidence that other of defendant's engines had thrown sparks beyond the depot and into plaintiff's yard was objected to. We think this evidence was clearly admissible on the rulings in the cases of Campbell v. Railroad, 121 Mo. 340, 25 S. W. 936; and Gibbs v. Railroad, supra.

No reversible error appearing, the judgment is affirmed. All concur.