AETNA INSURANCE COMPANY et al., Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 29, 1908.

APPELLATE AND TRIAL PRACTICE: Former Appeal: Mandate: Res Adjudicata. A verdict was rendered in the trial court for the plaintiff, which the court on motion set aside. Thereupon plaintiff appealed and the appellate court reversed the judgment and remanded the cause with directions to enter judgment on the verdict. This the trial court did and thereupon the defendant appealed. *Held*, the entry of the judgment was in pursuance of the mandate which was conclusive upon the rights of the parties.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

(1) Defendant's motion in arrest of judgment should have been sustained. 1 Ency. of Pleading and Practice, p. 159, note 1; Pucket v. Railroad, 25 Mo. App. 650; Steigliger v. Railroad, 38 Mo. App. 511. A wrongdoer is not bound to submit to more than one action for damages. Insurance Co. v. Railroad, 74 Mo. App. 106; Railroad v. Insurance Co., 53 Neb. 514; Insurance Co. v. Railroad, 41 S. C. 408; Watts v. Telephone Co., 66 Fed. 453. (2) Upon the dismissal by plaintiffs as to Strohm & Jones, the case stood just as though they had not been made parties thereto. Insurance Co. v. Railroad, 74 Mo. App. 114. (3) Inasmuch as it clearly appears from the entire record in the case that plaintiffs were not entitled to a judgment, it was proper to make the objection by motion in arrest of judgment. It was the plain duty of the trial court to sustain that motion, and not having done so, it committed an error, for which, under the facts and under all of the authorities, the judgment must be reversed.

*Ed. E. Yates* and *M. A. Fyke* for respondent.

(1) The court below, upon receipt of the mandate of this court, could do but one thing, i. e., enter judgment upon the verdict in obedience to that mandate and from that judgment no appeal lies. Scullin v. Railroad, 192 Mo. 1. (2) The judgment of this court reversing and remanding the cause with directions, is *res adjudicata* upon every question that was litigated, or which might properly have been litigated in the case. The pleadings now are just the same as then.

Esler v. Railroad, 115 Mo. App. 574.    (3) If there was a defect of parties (but there was not) the defect was apparent upon the face of the petition, and by failing to demur the defect was waived.    Besides, a judgment will not be set aside or arrested for a mere defect of parties.    James v. Railroad, 89 Mo. App. 603; Insurance Co. v. Railroad, 74 Mo. App. 106.

BROADDUS, P. J.—This case was before this court once before on appeal.    At the former trial the plaintiff recovered a verdict for $2,500.    The defendant in due time filed a motion for a new trial and a motion in arrest of judgment.    Both motions were submitted to the court and the motion for new trial was sustained.    On the motion in arrest the court made the following order:    "And the court further finds that the motion in arrest of judgment filed herein by the Missouri Pacific Railway Company was taken up for argument and submission at the same time as said motion for new trial, but that, although requested by the court, by statement or argument in favor thereof, to give the reasons upon which said motion was founded, the said defendant failed to do so, whereupon, the court finds that said motion was abandoned by said defendant, and thereupon the court of its own motion, strikes said motion from the files of this court as so abandoned; to which ruling of the court the defendant excepts."

The plaintiff appealed from the action of the court setting aside the verdict of the jury.    The cause was heard and determined by the court and the action of the circuit court in setting aside said verdict was reversed and the cause was remanded "with directions to enter judgment for the plaintiff on the verdict as rendered."    [See Insurance Co. v. Railroad, 123 Mo. App. 513.]    In obedience to the mandate of this court the circuit court entered a judgment as directed on the verdict theretofore rendered; and the defendant appealed.

Insurance Co. v. Railroad.

In this suit as originally instituted a firm composed of Strohm & Jones, was made codefendant with the appellant. During the trial and before the submission of the case to the jury the plaintiff dismissed the suit as to the said Strohm & Jones, and all the subsequent proceedings in the case were conducted against the appellant which resulted in the verdict in plaintiff's favor, the order of the court setting it aside, the appeal by the plaintiff, the judgment and mandate directing the circuit court to enter judgment on said verdict, and the final judgment rendered in obedience to said judgment and mandate. The defendant claims that the said Strohm & Jones had an interest in the subject-matter of the suit and were necessary parties thereto; and that there was but a single cause of action, which could not be properly determined unless the interest of all the parties were litigated in the same proceeding.

It has been held by this court and the Supreme Court: "When a cause has been remanded with special directions, it is out of the power of the court receiving such directions to open the cause and have a new trial. The mandate in such case is in the nature of a special power of attorney. By it authority and jurisdiction are granted to the lower court to take such steps as are ordered and such incidental steps as are necessary to carry the mandate into execution. It has no power to enter any other judgment or to consider or determine other matters not included in the duty of entering the judgment as directed." [State ex rel. v. Anthony, 65 Mo. App. 543; Scullin v. Railroad, 192 Mo. 1.] Under the foregoing ruling the circuit court only obeyed the mandate and directions of this court which was all it could do. Consequently the point that appellant seeks to raise on the appeal has already been determined finally and by which appellant is forever concluded.

Affirmed. All concur.