## JENNIE FOSTER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, May 2, 1910.

1. REFERENCE: Actions ex Delicto. The statute authorizing the court to refer cases has no application to an action *ex delicto* even though in such a case there may be a great number of items to be considered by the jury.

2. INSURANCE: Right of Company to Subrogation. An insurance company which has paid a fire loss occasioned by the tort of another may be subrogated to the rights of the insured, and may maintain an action in its own name against the tortfeasor for reimbursement.

3. ———: ———: Wrong Doer Cannot Assert Company's Right as Defense. Although an insurance company may be subrogated to the rights of the insured, as against a tortfeasor causing the loss, yet this right is not one that the wrongdoer can assert to defend an action against him by the property-owner.

4. RAILROADS: Damages by Fire: Insurance: Pleading. In a suit against a railroad company for damages on account of the destruction of plaintiff's property by fire set by sparks from defendant's engine, the answer alleged as a defense that the plaintiff had been paid more than her property was worth by the insurance company. *Held*, that this was no defense and was properly stricken from the answer.

Foster v. Railroad.

5. ——: ——: Sufficiency of Evidence: Circumstantial Evidence. In a suit against the railroad company for damages on account of the destruction of plaintiff's property by fire alleged to have been set by sparks from defendant's engine, the evidence is examined and, although circumstantial, it is held sufficient to justify submitting the case to the jury, and the judgment in favor of the plaintiff is sustained.

6. EVIDENCE: Circumstantial Evidence. When circumstantial evidence is relied on for proof, the circumstances must tend in a substantial way to support the claim, that is, they must justify a reasonable inference of the probability of the facts sought to be proved thereby.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Robert T. Railey* and *Scott & Bowker* for appellant.

(1) In a case involving a long account on either side, such cases should be referred. R. S. 1899, sec. 698; Smith v. Healy, 41 Mo. 611; Goetz v. Piel, 26 Mo. App. 634; McCormick v. St. Louis, 166 Mo. 315; Drug Co. v. Graddy, 57 Mo. App. 41; Ittner v. Ass'n, 97 Mo. 561; Roscoe v. Kinnealy, 8 Mo. App. 76. (2) Where property is insured and is destroyed through the negligence of another and the insurance paid exceeds the value of the property destroyed, the right of action against the party who causes the loss is in the insurer and the insured has no right of action therefor. Insurance Co. v. Railroad, 74 Mo. App. 107; Insurance Co. v. Railroad, 149 Mo. 165; Allen v. Railroad, 68 N. W. 873; Marvin Ins. Co. v. Railroad, 41 Fed. 643. (3) There was not sufficient evidence in this case to go to the jury upon the question of a locomotive engine of the appellant having set out the fire. Gibbs v. Railroad, 104 Mo. App. 276; Peffer v. Railroad, 98 Mo. App. 291; Bates Co. Bank v. Railroad, 98 Mo. App. 330; Manning v. Railroad, 119 S. W. 464.

*W. O. Jackson, Thos. W. Martin* and *Fyke & Snider* for respondent.

(1) The court committed no error in overruling appellant's motion to refer. Fitzgerald v. Hayward, 50 Mo. 516; Vicar v. Stone, 47 Mo. App. 530; Ice Co. v. Tamm, 138 Mo. 385; Kenneth Inv. Co. v. Bank, 96 Mo. App. 125; Thornton v. Life Assn., 7 Mo. App. 544; Freeman v. Insurance Co., 13 Abb. Pr. 125. (2) The action was well brought in the name of the owner of the property. The legal title to the property was in her. The fact that she had insurance was wholly immaterial. The appellant was no party to the insurance contract and could derive no benefit therefrom. Carroll v. Railroad, 88 Mo. 239; Dillon v. Hunt, 105 Mo. 154; Matthews v. Railroad, 121 Mo. 298, 142 Mo. 645; Conner v. Railroad, 181 Mo. 397; Erhart v. Railroad, 136 Mo. App. 617; Muldron v. Railroad, 62 Mo. App. 431. (3) The evidence was amply sufficient to justify the court in submitting the question of the origin of the fire to the jury, and amply sufficient to support the verdict. Kenney v. Railroad, 70 Mo. 243; Torpey v. Railroad, 64 Mo. App. 382; Fields v. Railroad, 113 Mo. App. 647; Lead Co. v. Railroad, 123 Mo. App. 397; Tapley v. Railroad, 129 Mo. App. 88; Wright v. Railroad, 107 Mo. App. 209.

COX, J.—This case originated in the circuit court of Bates county and went to Barton county on change of venue. The petition charges that plaintiff was the owner of a two-story frame building, fixtures, cigars, etc., located near the track of defendant in the city of Butler, and that on the night of May 26, 1907, fire was communicated to the building by a locomotive engine used by defendant upon its said railroad, and that the building and property therein were destroyed, and asks judgment for $7133.20. Trial was had by jury, verdict. for plaintiff for $4575, and defendant has appealed.

Attached to plaintiff's petition was an itemized statement, giving the name and value of each article destroyed, consisting of eleven pages' of typewritten matter and containing 558 separate and distinct items of articles burned that were in the building at the time of the fire. Defendant filed a motion asking the. court to send the case to a referee which was overruled and it excepted. Defendant filed answer in which it alleged that the plaintiff had the property insured and that the insurance companies had paid to her more than the value of the property, hence, she had been compensated for her loss and if there was any right of action in anyone it would be in the insurance company, and not in the plaintiff. This, on motion of plaintiff, was stricken out, and is assigned as error. Defendant also contends that error was committed by the court in overruling its demurrer to the testimony.

The evidence in this case tends to show in substance that the building was a two-story building, lo-. cated about twenty-eight feet from the track of defendant; that the fire when first discovered was in the roof of the building on the side next to the track, and that there had been no fire in the building for several hours previous to the discovery of the fire; that prior to this time engines passing had emitted sparks and cinders which had fallen on the porch of this building, and, at one time had set fire to leaves near the back porch of the building which was the side farthest away from the railroad track; that on the night of the fire the wind was blowing from the southwest which would carry sparks from a passing train in the direction of the building; that two trains came into Butler on the night of the fire and stopped, but how near the engines were to this building when they stopped does not appear. One witness testified that one of these trains was a freight train and that the engine was laboring, and emitted sparks as it pulled in. The time that elapsed from the time sparks were seen to be emitted from the

engine until the fire was discovered is not proven with any degree of certainty, but ranged from forty-five minutes to an hour and fifteen minutes. The evidence also tends to show that the fire did not spread rapidly.

As to the motion to refer this case to a referee it is sufficient to say that the statute authorizing the court to refer cases has no application to an action, *ex delicto,* even though in that case there may be a great number of items to be considered by the jury. Cases of this kind are not construed to be the examination of a long account as contemplated by the statute. [Ittner et al. v. St. Louis Exposition and Music Hall Ass'n, 97 Mo. 561; 11 S. W. 58; Willard v. Doran & Wright Co., 1 N. Y. Sup. 345; Untemeyer v. Bernhauer, 11 N. E. 847.]

Defendant contends that the court erred in striking out that part of the answer which alleged as a defense that plaintiff had been paid more than her property was worth by the insurance companies.

An insurance company which has paid a fire loss occasioned by the tort of another may be subrogated to the rights of the insured, and may maintain an action in its own name against the tortfeasor for reimbursement. [Insurance Co. v. Railroad, 149 Mo. 165; 50 S. W. 281; Insurance Co. v. Railroad, 74 Mo. App. 107; Insurance Co. v. Railroad, 123 Mo. App. 513, 100 S. W. 569.]

But the right of the insurance company is not one that the wrongdoer can assert to defend an action against him by the property-owner. With the equities existing between the insurance company and the owner of the property he has no concern. His primary liability is to the owner whose property he has destroyed, and unless the insurance company appears and asserts its rights the tortfeasor cannot assert them for it. [Dillon v. Hunt, 105 Mo. 154, 16 S. W. 516; Mathews v. The Railroad, 121 Mo. 298, 24 S. W. 591; Mathews v. Mo. Pacific Ry. Co., 142 Mo. 645, 44 S. W. 802.]

The plaintiff depends in this case for proof of the fact that her property was burned by fire escaping from an engine on defendant's road upon circumstantial evidence. We have spent considerable time in going over cases in this State where a demurrer to the testimony in similar cases had been passed upon, many of which we find much weaker than this case in every respect, except as to the time that elapsed between the passing of the train and the discovery of the fire. As to the question of time the nearest approach which we have found to it is in the case of Tapley v. The Railroad, 129 Mo. App. 88, 107 S. W. 470, where the time which elapsed was thirty minutes. In every other respect the facts relied upon in that case were not as strong as they were in this case. In fact, outside of the mere question of the remoteness of time the evidence in this case is very strong and its only weak spot is the remoteness of time. In the case of the Lead Co. v. St. L. I M. & S. Ry. Co., 123 Mo. App. 394, 101 S. W. 636, Judge GOODE reviews the authorities and many of the decided cases in this character of action from which it appears that in some courts it has been held that evidence which shows a probability that the fire was set by sparks emitted from the engine was enough to send the case to the jury, but, inferentially, he doubts the correctness of this position and qualifies it by the following language: "But, of course, the probative force of the evidence must be strong enough to induce a belief in the minds of the jury that the fire, in fact, originated from a locomotive. Not merely that it might have done so." In Tapley v. The Railroad, 129 Mo. App. 88, 1. c. 93, 107 S. W. 470, Judge BLAND, after citing the Lead Co. case, supra, and detailing the evidence in the case under consideration, uses this language. "We think this evidence as a whole tended to prove the possibility and consequent probability that the fire was communicated to the depot by defendant's engine, and that the demurrer to the evidence was properly overruled." In

that case it was claimed that the sparks ignited the depot and fire was communicated from it to plaintiff's house.

When the plaintiff relies upon circumstantial evidence as is done in this case its sufficiency must be determined upon the rules of law applicable to circumstantial evidence; and, in a general way, these rules require that the circumstances relied upon must be consistent, and must tend in a substantial way to support the claim of plaintiff. In determining whether or not the circumstances proven in a given case do tend in a substantial way to support the claim of plaintiff, the real test to be applied is whether or not the circumstances proven make it probable and justify a reasonable inference that the fire was caused by defendant. If this is true, and it is also true that the circumstances proven make it appear to be improbable that the fire could have originated from any other source, then the plaintiff's case is sufficiently made. Viewing this evidence in the light of this rule we find here the fire occurring in the night—possibly at one or one-thirty a. m.— in a building in which there had been no fire the previous day except in a cook stove, and which was out at eight o'clock in the evening, so that at the time of this fire it is clear that there was no fire in the building, nor is there any evidence to show that there was fire in any other building from which it would be possible for sparks to escape and cause this fire. The fire is first discovered on the roof which shows that it must have come from some place outside of the building. It originated on the side of the roof next to the railroad track The building stands within twenty-eight feet of the track, and the evidence shows sparks and cinders to have been emitted and sent a greater distance than they would have to travel from an engine on defendant's track to this building. An engine comes into town emitting sparks—the train remains at the station until after this building is fired, and the men in charge of the

train are the first to discover the fire. This building could only have been fired by sparks from defendant's engine, or by an incendiary. The building was two stories high and it would be unreasonable to suppose that an incendiary would or could have thrown fire to the roof of this building. After the fire started it burned slowly for sometime as indicated by the testimony; the wind came from the proper direction to carry the sparks from the railroad track on to the roof of this building, and our conclusion is that the testimony taken as a whole rendered it very probable that this fire was set by sparks emitted from one of defendant's engines, and also rendered it very improbable that the fire could have originated from any other source. This brings this case clearly within the rules above mentioned, unless the remoteness of the time of the discovery of the fire from the time the engine emitted sparks destroys it. If we concede that the time was, at least, forty-five minutes, yet we are not prepared to say, as a matter of law, that the time was too remote. It cannot be known, in the absence of direct proof, just how long it would take the fire to grow to such proportions as to attract attention. This will depend upon the wind, the size and strength of the spark and the condition of the particular shingle upon which it happened to alight. It will be observed also that none of the witnesses were certain as to the time, but only gave their judgment, and the jury had the right to make allowance for reasonable discrepancies in that particular.

Our conclusion is that the evidence was sufficient to send the case to the jury, and the judgment will be affirmed. All concur.